UNITED STATES, Appellee,

v.

Craig R. SCHAFFER, Seaman Recruit,
U. S. Navy, Appellant.

No. 39,979.

NCM 80 0262.

U. S. Court of Military Appeals.

March 22, 1982.

For Appellant: *Lieutenant Commander William A. DeCicco, JAGC, USN* (argued); *Lieutenant Commander Peter B. Haskel, JAGC, USN* (on brief).

For Appellee: *Lieutenant Joseph J. Portuondo, JAGC, USNR* (argued); *Commander T. C. Watson, JAGC, USN, Lieutenant J. G. Van Winkle, JAGC, USN* (on brief); *Lieutenant Colonel A. P. Tokarz, USMC.*

*Opinion of the Court*

EVERETT, Chief Judge:

Pursuant to his pleas a general court-martial consisting of officer members found appellant guilty of unauthorized absence and wrongful appropriation of an automobile, in violation of Articles 86 and 121 of the Uniform Code of Military Justice, 10 U.S.C. §§ 886 and 921, respectively. The adjudged sentence—a bad-conduct discharge, confinement for 6 months, and partial monthly forfeitures for a like period—was approved by the convening authority; the United States Navy Court of Military Review affirmed the findings and sentence. We granted review (10 M.J. 282) on this issue:

> WHETHER IT WAS PERMISSIBLE TO CONDITION A PRETRIAL AGREEMENT UPON THE WAIVER BY THE APPELLANT OF HIS RIGHT TO AN ARTICLE 32 INVESTIGATION.

I

On June 12, 1979, the assistant personnel officer of Submarine Squadron Four, Naval Base, Charleston, South Carolina, preferred these charges against appellant:

Charge I: Unauthorized absence for 34 days.

Charge II: Spec. 1: Larceny of an automobile.

Spec. 2: Larceny of miscellaneous clothes and a cassette tape player.

Charge III: Presentment of a false claim for $76.

On June 21, 1979, Schaffer submitted to the Commandant, Sixth Naval District, Naval Base, Charleston, South Carolina—through the trial counsel of the Naval Legal Service Office at Charleston and the commander of Submarine Squadron Four—a waiver of appellant's right to an Article 32 investigation concerning these charges. According to its terms, the "waiver . . . [was] expressly conditioned upon the approval by the Commandant, Sixth Naval District of the pretrial agreement" which accompanied the waiver; if the Commandant did not accept the agreement, "this waiver shall have no effect and shall become inoperative." The waiver also recited that appellant was aware of specified rights that he would have at an Article 32 hearing; that he had "consulted with . . . [his] detailed defense counsel . . . who ha[d] fully explained to me my rights . . . and that the charges now pending against me could be referred to a General Court-martial without a formal hearing"; and that the "waiver [was] with full knowledge that the charges pending against me may be referred to a General Court-martial."

The pretrial agreement provided that appellant would plead guilty to the unauthorized absence and to the lesser included offense of wrongful appropriation of the automobile and not guilty to the remaining charges. In return, the Commandant, Sixth Naval District—the officer exercising general court-martial jurisdiction over appellant—was to commute any dishonorable discharge to a bad-conduct discharge and suspend any confinement or restraint in excess of 12 months. The agreement proposed by the defense contained an express provision "that in consideration of, and as part of this agreement, I hereby expressly waive my right to a pretrial investigation in accordance with Article 32, UCMJ, 10 U.S.C. 832." Incident to the pretrial agreement, appellant also entered into a stipulation of fact about his taking the automobile which was the subject of the larceny charge.

At trial, after appellant had entered his pleas, the military judge conducted a providence inquiry as to the pleas of guilty, in the course of which he reviewed with appellant the terms of the plea bargain. Moreover, the judge observed that the waiver provision may violate decisions of our Court. Thereupon, the following colloquy ensued:

DC: Your Honor, for the record, we would indicate that the defense initiated that aspect of the agreement.

MJ: That's the offense—that's a defense?

DC: That's part of the agreement, sir. The aspect of the agreement.

MJ: All right. And initiated by whom?

DC: By the defense as were other portions of the agreement.

MJ: It was a decision that you had made as part of your initial packaged offer to the convening authority?

DC: We would have approached the convening authority, but that is part of the consideration of the portion of the pretrial agreement in this case. It was not an agreement that was forced upon us by the convening authority in a sense that if you do not waive you will not get a pretrial agreement. It did not come about in that respect.

MJ: Well, are you satisfied that it was in the best interest of your client to waive the 32 in this particular case?

DC: The matter was discussed with Seaman Recruit Schaffer and in response to the question, yes, your Honor, I did.

MJ: All right. Trial counsel, you indicated that you have a document which sets forth the waiver of the 32?

TC: Yes, your Honor, I'll have it marked now as—

Thereafter, the judge inquired of appellant whether he had reviewed the terms of the waiver with his counsel, had understood it, and had executed it voluntarily. Appellant responded in the affirmative.

Ultimately, the pleas of guilty were accepted. The false-claim charge and the second specification of larceny—to which appellant had pleaded not guilty—were dismissed pursuant to the pretrial agreement. However, on the basis of the stipulation of fact entered by appellant as part of the pretrial agreement, the Government at-

tempted to establish that he had stolen—and not merely wrongfully appropriated—the automobile. However, the court members returned a finding of guilty only of the lesser included offense.

## II

By its very terms Article 32 is not jurisdictional. *See* Article 32(d), UCMJ, 10 U.S.C. § 832(d). The same rule applied to its predecessor provision in the Articles of War. *Humphrey v. Smith*, 336 U.S. 695, 69 S.Ct. 830, 93 L.Ed. 986 (1949). Moreover, just as a grand jury indictment or preliminary examination can be waived in a federal district court [*see* Fed.R.Crim.P. 5(c), 7(b); *Barkman v. Sanford*, 162 F.2d 592 (5th Cir. 1947), *cert. denied* 332 U.S. 816, 68 S.Ct. 155, 92 L.Ed. 393 (1947) ],[1] the Article 32 investigation can be waived by an accused. *See United States v. Payne*, 12 U.S.C.M.A. 455, 31 C.M.R. 41 (1961); *United States v. Mickel*, 9 U.S.C.M.A. 324, 26 C.M.R. 104 (1958). The issue here, however, is whether the waiver of pretrial investigation can be a bargained term of a pretrial agreement—at least, if the waiver is proposed by the accused.[2]

*Pretrial Agreement Provisions Generally*

In regard to this issue, the military judge was duly cautious, for in several of our cases we have "stated that pretrial agreements should concern themselves only with bargaining on the charges and sentence." *United States v. Schmeltz*, 1 M.J. 8, 11 (C.M.A.1975).[3] However, despite our pronouncements, increasingly sophisticated plea bargains have been devised. *See, e.g., United States v. Mills*, 12 M.J. 1 (C.M.A. 1981).[4] Moreover, as a practical matter, our Court has removed the bite from its criticism of pretrial agreements that do not "concern themselves only with bargaining on the charges and sentence" by upholding an agreement to elect trial by military judge alone because this provision originated with the accused. *United States v. Schmeltz, supra.*[5] Since in military practice pretrial agreements *typically* originate with the accused and his counsel, the exception recognized in *Schmeltz* for a pretrial agreement offered by the accused and to which he gives his "factual" consent undercuts generally our criticism of the complex plea bargain.

We should also acknowledge that many courts and legislatures now seem willing to allow increasing flexibility in plea bargains. For example, some state statutes have authorized agreements between the defense and the prosecution that certain pretrial motions—such as those concerned with the alleged unreasonableness of a search and seizure—may be asserted on appeal after a plea of guilty, when otherwise they would be waived by the plea. *See, e.g., Lefkowitz*

1. The same position is taken by a majority of the state courts which have considered the issue. *People v. Bradley*, 7 Ill.2d 619, 131 N.E.2d 538 (1956); Annotation, 56 A.L.R.2d 837 (1957), A.L.R.2d Later Case Service, Supplementing Volumes 56–63, pp. 46–50 (1976); pp. 17–18 (1981). Preliminary examination by a magistrate can also be waived.

2. No claim has been made, despite specific inquiry by the Court during oral argument, that a waiver of pretrial investigation was part of the general practice of plea bargaining in the command involved.

3. *See also United States v. Troglin*, 21 U.S.C.M.A. 183, 44 C.M.R. 237 (1972); *United States v. Cummings*, 17 U.S.C.M.A. 376, 38 C.M.R. 174 (1968); *United States v. Scoles*, 14 U.S.C.M.A. 14, 33 C.M.R. 226 (1963); *United States v. Darring*, 9 U.S.C.M.A. 651, 26 C.M.R. 431 (1958).

4. The case at bar provides an excellent example of the ingenuity of counsel in devising pretrial agreements. Schaffer not only waived the pretrial investigation, he also entered into a confessional stipulation of fact which established a *prima facie* case of larceny but nonetheless allowed his counsel to argue successfully that he should only be found guilty of wrongful appropriation.

5. The result in *Schmeltz* is more understandable since in military justice a sentence reduction obtained as part of a plea bargain appears to be irreversible. *See* para. 81*d*(1), Manual for Courts-Martial, United States, 1969 (Revised edition) (providing that the sentence at a rehearing shall not be "more severe than the" original "sentence ... as ultimately reduced by the convening or other proper authority when any such action has been taken.")

*v. Newsome*, 420 U.S. 283, 95 S.Ct. 886, 43 L.Ed.2d 196 (1975). Some Federal Courts of Appeals have adopted a similar position. *See, e.g., United States v. Moskow*, 588 F.2d 882 (3d Cir. 1978); *United States v. Burke*, 517 F.2d 377 (2nd Cir. 1975). Indeed, proposed amendments to Fed.R.Crim.P. 11 would authorize such agreements in all the Federal courts.[6] *See* Rule 11(a)(2), Preliminary Draft of Proposed Amendments to the Federal Rules of Criminal Procedure, October 1981.

### Provision Waiving Pretrial Investigation Specifically

In light of this increased judicial willingness to accept more complex pretrial agreements—especially when that complexity emanates from an accused and his counsel—the question is whether we should uphold the waiver of the Article 32 investigation which appellant himself proposed as part of his effort to obtain a favorable pretrial agreement. The first step towards answering this question is to consider whether the case at bar poses the dangers sometimes associated with plea bargaining.[7]

One such peril is that prosecutors confronted with heavy dockets and inadequate resources will trade away too much to an accused. While a bargained waiver of the pretrial investigation may be attractive to some convening authorities, we cannot perceive that it presents any unique problem. Moreover, an appellant who has benefited from a favorable plea bargain should not be heard now to complain that he was favored at the expense of others who had offered less to the convening authority.

A second danger in plea bargaining is that of overreaching by the prosecutor, so that from the accused's standpoint the agreement is only a contract of adhesion, whereby he yields valuable procedural rights solely because his bargaining position is so inferior. Some of those rights may involve defenses to being tried at all, rather than the accused's factual guilt. Other rights, such as confrontation and the presumption of innocence, may affect the accuracy of the fact-finding process. Still others, such as those which provide a shield against unreasonable searches and seizures, may not concern either the accused's amenability to trial or the accuracy of the fact-finding process.

To protect accused against prosecutorial excesses in the plea bargaining process, courts have sometimes refused to treat a guilty plea as a valid waiver by the accused of a defense not involving his factual guilt. *Cf. Menna v. New York*, 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975); *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974). With respect to the waiver of other rights pursuant to a guilty plea, a safeguard is provided by the careful providence inquiry on which this Court has insisted, *see, e.g., United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969), and the military judge's ascertainment from the accused of his personal version of the facts which lead him to believe that he is guilty helps assure that plea bargaining does not result in the conviction of innocent persons. Moreover, the usual military practice of requiring the proposal for a pretrial agreement to originate with the accused—as is

6. For discussion of the advantages to both parties of a "conditional guilty plea" and its potential for use in the military, *see* Vitaris, *The Guilty Plea's Impact on Appellate Review*, 13 The Advocate 236, 245–46 (Jul.-Aug. 1981); *"Side-Bar,"* 12 The Advocate 39–40 (Jan.-Feb. 1980); *"Side-Bar,"* 11 The Advocate 93–94 (Mar.-Apr. 1979). There is some military precedent for using this device. *See United States v. Williams*, 41 C.M.R. 426 (A.C.M.R. 1969). Another approach to achieving substantially the same result is a plea of not guilty coupled with a negotiated confessional stipulation of fact. *See "Side-Bar,"* 12 The Advocate 165–66 (May-June 1980); *"Side-Bar,"* 12 The

Advocate 87 (Mar.-Apr. 1980). Where a confessional stipulation is used with the understanding by the parties and the judge that it is a means of preserving a legal issue, it will not be used to sustain the findings where the appellant prevails on his legal issue on appeal. *United States v. Brown*, 12 M.J. 420 (C.M.A.1982).

7. For a current criticism of plea bargaining practices, *see* Pugh and Radamaker, *A Plea for Greater Judicial Control over Sentencing and Abolition of the Present Plea Bargaining System*, 42 La.L.Rev. 79 (1981).

generally recited in the agreement itself and often, as here, is specifically verified by the judge as part of the providence inquiry—helps curb undue prosecution pressure for an accused to "cop a plea." Finally, at the time when sentence is imposed, the sentencing authority—military judge or court members—typically is unaware of the sentence concessions granted by the convening authority as part of the plea bargain; this practice avoids dangers with which Fed.R.Crim.P. 11(e)(1) is concerned. *See* ABA Standards, Pleas of Guilty § 3.3(a) (1968).

With all this in mind, if waiver of the pretrial investigation is proposed by an accused as part of a plea bargain which is scrutinized carefully in a providence inquiry, should the waiver be enforced or is this another instance in which the plea is not recognized as a waiver? A comparison with Federal practice suggests that the waiver is valid, for the Federal courts seem to accept without comment a waiver of indictment which obviously was part of a plea bargain.[8] *See, e.g., Ouillette v. United States,* 435 F.2d 21 (10th Cir. 1970). Analysis of the rights conferred by Article 32 suggests a similar conclusion.

We do not underestimate the benefit an accused can derive from an Article 32 investigation. Even though—unlike a grand jury's refusal to indict—a recommendation against prosecution by the officer who conducts the pretrial investigation will not preclude trial by court-martial, in exercising his prosecutorial discretion the convening authority undoubtedly gives great weight to such a recommendation. Thus, by waiving a pretrial investigation, an accused may relinquish a significant opportunity for dismissal of the charges or their disposition by nonjudicial punishment, summary court-martial or special court-martial in lieu of trial by general court-martial.

However, there is another side to the pretrial investigation. For one thing, its performance may delay trial; sometimes—although certainly not always, *cf. Barker v. Wingo,* 407 U.S. 514, 521, 92 S.Ct. 2182, 2187, 33 L.Ed.2d 101 (1972)—an accused may wish to be tried as soon as possible. *See Barkman v. Sanford, supra* at 594; *King v. State,* 473 S.W.2d 43, 51 (Tex.Cr. App.1971). Secondly, the investigation may reveal that an accused has committed previously unsuspected offenses, so additional charges may be preferred. Thirdly, by reducing to writing the sworn testimony of prosecution witnesses, the investigation may solidify and strengthen the government's case. Finally, the pretrial investigation may make the prosecutor aware of potential defenses and thereby better prepare him to disprove those defenses.

Since there are obvious reasons why a military accused, with the advice of counsel, may wish to initiate a waiver of an Article 32 investigation—just as his civilian counterpart may elect to waive a preliminary examination before a magistrate or an indictment by grand jury—the real issue here is whether, as a matter of public policy, our Court should enforce a rule that an accused may not seek concessions from a convening authority by offering the inducement of a waiver of the Article 32 investigation.

Our paternalism need not extend to that extreme. The pretrial investigation does not delimit the evidence that later will be considered by the trier of fact in determining guilt or innocence, so its waiver does not amount to a restructuring of the trial procedure which Congress has provided for

---

**8.** Fed.R.Crim.P. 11(e), which deals with plea agreements, refers to "an agreement that, upon the entering of a plea of guilty or nolo contendere to a charged offense or to a lesser or related offense, the attorney for the government will ...: (A) move for dismissal of other charges; or (B) make a recommendation, or agree not to oppose the defendant's request, for a particular sentence...; or (C) agree that a specific sentence is the appropriate disposition of the case." This language may intimate that the draftsmen contemplated that plea bargains should concern only the matters referred to in this Rule. However, Fed.R.Crim.P. 11(b) also is susceptible to an interpretation that a pretrial agreement may embrace other obligations on the part of the defendant—such as testifying for the Government in other cases and cooperating with prosecutors.

determining guilt beyond reasonable doubt. Moreover, the waiver permits expediting the disposition of a case—an outcome which generally is in the interest of justice. Finally, military justice provides safeguards against the perils of prosecutorial overreaching in such a situation.

Accordingly, under circumstances like those of the case at bar, we shall uphold the waiver.

### III

The decision of the United States Navy Court of Military Review is affirmed.

Judge COOK concurs.

FLETCHER, Judge (concurring in the result):

I concur with the conclusion that an Article 32 investigation is akin to a grand jury indictment or a preliminary examination, not a brother but a cousin. Since the degree of kindredship is not an element determinative of whether there can be a waiver, I agree an Article 32 investigation can be waived. I would caution though, that I do not believe that the common ancestor, the Constitution of the United States, gives identical inherited qualities as set forth in the decisions of the Supreme Court illuminating the grand jury indictment clause of the Fifth Amendment to the Constitution to the Article 32 investigation.[1]

---

1. Attention is directed to the phrase "except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger."