**UNITED STATES, Appellee,**

v.

**Timothy N. GLAZIER, Specialist Four**
**U.S. Army, Appellant.**

**No. 57,734.**
**SPCM 22537.**

U.S. Court of Military Appeals.

Aug. 1, 1988.

For appellant: *Captain Keith W. Sick-endick* (argued); *Colonel John T. Edwards, Major Eric T. Franzen* (on brief); *Colonel Brooks B. La Grua, Lieutenant Colonel Paul J. Luedtke, Lieutenant Colonel Charles A. Zimmerman.*

For appellee: *Captain Randy V. Cargill* (argued); *Colonel Norman G. Cooper, Lieutenant Colonel Gary F. Roberson, Major Byron J. Braun* (on brief).

*Opinion of the Court*

COX, Judge:

Appellant was originally charged with involuntary manslaughter, negligent damage to a government vehicle, willfully diso-

beying an order of a commissioned officer, and wrongful appropriation of a motor vehicle. Due to insufficient evidence, the charges of involuntary manslaughter and negligent damage to a government vehicle were dismissed by the convening authority. *See* 24 M.J. 550, 551 (A.C.M.R. 1987). A charge of wrongful use of marijuana was added after referral of the two remaining charges. Pursuant to his pleas, appellant was convicted of these three charges, which were violations of Articles 92, 121, and 112*a*, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 921, and 912*a*, respectively. A special court-martial composed of officer members sentenced him to a bad-conduct discharge, confinement for 3 months, forfeiture of $426 pay per month for 3 months, and reduction to E–1. The convening authority approved the sentence, and the Court of Military Review affirmed. 24 M.J. 550.

In his petition to this Court, appellant presented two issues for our consideration. We agreed to examine only one, however, and that is to determine:

> WHETHER THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT BY DENYING A DEFENSE MOTION TO EXCISE EVIDENCE OF UNCHARGED MISCONDUCT FROM THE STIPULATION OF FACT (PROSECUTION EXHIBIT 1).

Appellant's guilty pleas resulted from a pretrial agreement wherein he agreed to so plead to the charges as referred, and the convening authority agreed to limit confinement and forfeitures to a maximum of 3 months. As part of the agreement, appellant entered into a stipulation of fact which provided in part:

1. On 20 October 1985, the accused was deployed with his unit to Turkey as part of Operation Display Determination 85. Prior to that date, MAJ Matthew Belford, the battalion executive officer and the accused's superior commissioned officer, issued a lawful order, which it was accused's duty to obey, that tactical vehicles were not to be moved from the brigade support area, except to go to the wash rack located just outside the gate. This order was communicated to the accused by his team leader, SGT James O. Bradley. The accused disobeyed the order by taking his assigned ¼-ton truck, bumper number HQ–10, from the brigade support area. He said nothing when his passenger, PFC Lewis B. Garretson, told the gate guard that they were taking the vehicle to the wash racks. However, he did not drive to the wash racks, but instead drove along the main supply route in the direction of Ipsala, with the intent to wrongfully appropriate the vehicle for his own use.

2. The ¼-ton vehicle taken by the accused was the property of the United States Government. Further, said vehicle contained radio teletype and other communications equipment, as well as code keys, which were classified as secret, and personal arms and equipment of accused's team leader, SGT James O. Bradley. The accused and Garretson consumed alcoholic beverages in the course of their trip. While in the custody and control of the accused and Garretson, the vehicle was damaged as the result of an accident approximately 25 km from the brigade support area and was temporarily detained by the Turkish authorities before it could be recovered. The estimated cost of damage to the vehicle was $2054.28. In addition, Garretson suffered injuries which resulted in his death later that night.

During the presentencing portion of the trial, defense counsel moved to suppress the evidence of Garretson's death, the consumption of alcohol by appellant and Garretson, and the damage to the vehicle contained in the stipulation of fact. Appellant contended at trial and now argues that this evidence was inadmissible on sentencing because it proved acts of uncharged misconduct. Mil.R.Evid. 404(b), Manual for Courts-Martial, United States, 1984. The military judge denied the motion, and the entire stipulation was presented to the members.

At the outset, we note that there is nothing magic about a stipulation. It is "[t]he name given to any agreement made by the attorneys engaged on opposite sides of a cause ... regulating any matter incidental to the proceedings or trial." *Black's Law Dictionary* 1269 (5th ed. 1979). The use of stipulations in courts-martial is well known to members of the military bench and bar, and is governed by R.C.M. 811, Manual, *supra*. The scope, or the permitted use, of the stipulation in a trial or proceeding normally is self-evident from the terms of the document.

Nevertheless, controversies do arise from time to time concerning the permissible use of a stipulation, particularly as it relates to guilty pleas. Therefore, it becomes necessary for us to address the permissive uses of stipulations before addressing admissibility of the evidence.

■ First and foremost, subject to limitations imposed by the military judge, a stipulation may be used in accordance with the agreement or understanding between the parties. R.C.M. 811(a). If an agreement is silent as to the scope of its intended use, then the rule sets forth its effect on the trial, as follows:

> [A] *stipulation of fact* ... is binding on the court-martial and may not be contradicted by the parties thereto. The contents of a *stipulation of expected testimony or of a document's contents* may be attacked, contradicted, or explained in the same way as if the witness had actually so testified or the document had been actually admitted. The fact that the parties so stipulated does not admit the truth of the indicated testimony or document's contents, nor does it add anything to the evidentiary nature of the testimony or document. *The Military Rules of Evidence apply to the contents of stipulations.*

R.C.M. 811(e) (emphasis added).

Subject to limitations which might be imposed by the military judge "in the interest of justice," R.C.M. 811(b), we see no reason why evidence, even though otherwise inadmissible under the Military Rules of Evidence, cannot come into the trial by way of stipulation. *See United States v. Kinman,* 25 M.J. 99, 100 n. 2 (C.M.A. 1987). This is particularly true in a negotiated guilty plea where the accused is willing to stipulate to otherwise inadmissible testimony in return for a concession favorable to him from the Government, assuming no overreaching by the Government. *See United States v. Zelenski,* 24 M.J. 1 (C.M.A. 1987); *United States v. Jones,* 23 M.J. 305 (C.M.A. 1987).

■ Because the military judge has a responsibility under the Military Rules of Evidence to determine admissibility and under R.C.M. 811 to ensure "the interest of justice," we reject the suggestion found in the Court of Military Review's opinion in *United States v. Taylor,* 21 M.J. 1016 (A.C. M.R. 1986), that the military judge cannot act on objections to matters in the stipulation. It is true that if an accused withdraws from the stipulation, it fails, as does the agreement underlying the stipulation. However, merely because counsel, with the consent of the accused, agreed that something is true does not make that fact *per se* admissible. The stipulation should be unequivocal that counsel and the accused agree not only to the truth of the matters stipulated but that such matters are admissible in evidence against the accused. Then and only then can there be no doubt as to the full agreement and understanding of the parties.

■ Turning to the case before us, the stipulation between the parties was a "stipulation of fact." This means that the parties agreed to the truth of the matters contained therein. The stipulation does not have a provision dealing with admissibility of any of the facts contained therein. Accordingly, admissibility of any fact so stipulated is governed by the Military Rules of Evidence. R.C.M. 811(e)

■ We have held:

> Receipt of sentencing evidence which otherwise meets the admissibility tests of the rules and the Manual is not dependent upon the character of the accused's pleas.[5]

[5] An appropriate analysis of proffered ... evidence on sentencing is first to determine if the evidence tends to prove or disprove the existence of a fact or facts permitted by the sentencing rules [*compare* R.C.M. 1001, Manual ..., 1984, *with* para. 75, Manual for Courts-Martial, United States, 1969 (Revised edition) ].... Of course, the military judge must apply the Mil.R.Evid. 403 test to determine if the prejudicial effect of the evidence outweighs the probative value. ...

*United States v. Martin*, 20 M.J. 227, 230 (C.M.A. 1985), *cert. denied*, 479 U.S. 917, 107 S.Ct. 323, 93 L.Ed.2d 295 (1986). The prejudicial effect of the evidence must not outweigh its probative value. Mil.R.Evid. 403, 1984 Manual, *supra.*

> [R]egardless of the plea, the prosecution after findings of guilty may present evidence which is directly related to the offense for which an accused is to be sentenced so that the circumstances surrounding that offense or its repercussions may be understood by the sentencing authority.

*United States v. Vickers*, 13 M.J. 403, 406 (C.M.A. 1982)

R.C.M. 1001(b)(4) also permits presentation of any aggravating evidence "directly relating to or resulting from the offenses of which" appellant "has been found guilty." Considering these rules, we conclude that the facts contained in the subject stipulation were admissible both under the Military Rules of Evidence and R.C.M. 1001(b)(4). The misappropriated vehicle was used for a "joy ride" during which the accused and Garretson consumed alcoholic beverages and a fatal accident ensued. The uncharged misconduct was directly related to the charged offenses and thus admissible. *United States v. Vickers, supra.*

We conclude that the military judge did not err [*] to the substantial prejudice of appellant when he denied defense counsel's motion to excise evidence of uncharged misconduct from the stipulation of fact.

[*] Even assuming error had been found to exist, it would have been harmless.

The decision of the United States Army Court of Military Review is affirmed.

Judge SULLIVAN concurs.

EVERETT, Chief Judge (concurring):

In my view, the Government and the accused may expressly agree that all the facts recited in a stipulation may be considered by the sentencing authority, without regard to the rules that, absent such agreement, would govern admissibility of evidence of those facts. This agreement may be enforced if it is clear and voluntary, and if the accused's defense counsel is competent.

If, however, no such agreement has been entered—preferably within the body of the stipulation itself—no fact contained in the stipulation may be considered by the court-martial in sentencing, unless evidence of that fact would otherwise be admissible. Accordingly, if a stipulation recites facts that are irrelevant or are more prejudicial than probative, then, on defense motion, they should be excluded from consideration. No inconsistency exists between entering a stipulation of facts and then objecting to consideration of some or all of those facts by reason of the prohibitions contained in the Military Rules of Evidence. Moreover, making such an objection successfully does not violate a pretrial agreement requiring the accused to enter into a particular stipulation of fact and does not entitle the Government to abrogate the pretrial agreement.

Accordingly, appellant's defense counsel was free to move that the court-martial not consider the facts stated in the stipulation as to which no evidence could have been offered if there had been no stipulation. However, as Judge Cox points out, the military judge properly denied the defense motion here, because all of these facts were admissible under the rules prescribed by the Manual for Courts-Martial. Thus, I join in affirming the decision of the court below.