UNITED STATES, Appellee,

v.

Specialist Gilberto A. VARGAS, 071–58–0233, United States Army, Appellant.

ACMR 8901264.

U.S. Army Court of Military Review.

12 Jan. 1990.

For Appellant: Captain Timothy P. Riley, JAGC, Captain James Kevin Lovejoy, JAGC (on brief).

For Appellee: Colonel A.F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell' Orto, JAGC, Major Gary L. Hausken, JAGC, Captain Jonathan F. Potter, JAGC (on brief).

Before KANE, WERNER, and BROGAN, Appellate Military Judges.

## OPINION OF THE COURT

BROGAN, Judge [*]:

Consistent with his pleas, appellant was convicted by a military judge sitting as a general court-martial of possessing 31.4 grams of cocaine with intent to distribute in violation of Article 112a of the Uniform Code of Military Justice, 10 U.S.C. § 912a (Supp. III). His approved sentence included a dishonorable discharge, confinement for five years, forfeiture of all pay and allowances, and reduction to Private E1.

Appellant's pretrial agreement required him to enter into a written stipulation of fact regarding the facts and circumstances surrounding the offense. Pertinent provisions of the stipulation provided:

> [T]he following facts are true, *admissible in evidence*, and susceptible of proof:
>
> \*   \*   \*   \*   \*   \*
>
> At about 0130 hours 7 March 1989, the accused was apprehended by CID. While at the Fort Hood CID office, the accused made a written statement *admitting to having distributed a total of about 2 ounces (approximately 56 grams) of cocaine from September 1988 through the date of his apprehension.* During that period, the accused received cocaine from two suppliers. His first supplier, Figaroa, stopped supplying the accused in January, 1989. Soon thereafter, the accused agreed to be supplied cocaine by another soldier named SSG Raymond Martinez. *The accused's previous customers had included soldiers in the barracks.* The accused also admitted that he had intended to sell the cocaine seized from his wall locker for a profit.

Prosecution Exhibit 1 at 1 (emphasis added).

Defense counsel objected to the admission of the highlighted portions of the stipulation on grounds that it referred to uncharged misconduct and that its relevance was outweighed by its prejudicial impact upon the fact finder. Counsel represented to the military judge that "we signed it because of fear of losing the deal with the government." Counsel also argued that the appellant was the victim of impermissible government overreaching because the defense was required to include the phrase "admissible in evidence" in the stipulation or lose the benefits of the pretrial agreement.

Counsel argues that government overreaching was evident from the trial counsel's remark, "[W]e would consider it no deal if it [the uncharged misconduct] were removed." Counsel contends that the evi-

---

[*] Judge James A. Brogan took final action on this case prior to his release from active duty.

dence of uncharged misconduct was inadmissible for sentencing purposes. Appellant further contends that, assuming the evidence was admissible, its relevance was outweighed by its prejudicial effect. Finally, the appellant argues that the military judge's declaration that he would not sentence the appellant for the uncharged misconduct was inadequate assurance that appellant was not prejudiced by its admission into evidence.

The military judge found no evidence of overreaching by the government and stated he believed the language of the stipulation was part of the negotiation process. The judge offered the accused an opportunity to withdraw from the pretrial agreement. The judge assured the accused:

> I'm only going to sentence Specialist Vargas for what I found him guilty of, possession with the intent to distribute 31.4 grams of cocaine. This is other business, yes, uncharged misconduct, but certainly something that I cannot sentence your client on, so, why don't you take a brief moment to talk it over, once again, with Specialist Vargas and see if you still want to enter into this stipulation of fact.

Appellant informed the judge he wished to leave the stipulation intact and to continue with the pretrial agreement.

In *United States v. Glazier*, 26 M.J. 268 (C.M.A.1988), the Court of Military Appeals held that the evidence of uncharged misconduct in a stipulation of fact was admissible in sentencing the accused for willfully disobeying an officer, wrongful appropriation, and wrongful use of marijuana.

Glazier entered guilty pleas pursuant to a pretrial agreement. As part of that agreement, he entered into a stipulation of fact which included recitals of fact concerning a fatal accident which had resulted from the wrongful appropriation of a vehicle during which the accused consumed alcoholic beverages. During the presentencing portion of the trial, defense counsel moved to suppress the evidence of uncharged misconduct contained in the stipulation of fact. The military judge denied the motion and the entire stipulation was presented to the members. The accused's sentence was affirmed by this court.

On appeal, the Court of Military Appeals noted that, subject to limitations imposed by the military judge, a stipulation may be used in accordance with the agreement of the parties. *United States v. Glazier*, 26 M.J. at 270 (citing R.C.M. 811(a)). The Court stated that it saw no reason why evidence, even though inadmissible under the Military Rules of Evidence, could not come into the trial by way of stipulation. *Id.* at 270 (citing *United States v. Kinman*, 25 M.J. 99 (C.M.A.1987)). The Court noted this was particularly true in a negotiated plea where the accused is willing to stipulate to otherwise inadmissible testimony in return for a favorable concession to him from the Government, assuming no overreaching by the Government. *Id.* at 270 (citing *United States v. Zelenski*, 24 M.J. 1 (C.M.A.1987), and *United States v. Jones*, 23 M.J. 305 (C.M.A.1987)).

▆▆▆ We agree with the appellant that the stipulated facts in issue constitute uncharged misconduct not closely related to the acts alleged; these facts were therefore generally inadmissible for sentencing purposes. R.C.M. 1001(b)(4); *see United States v. Holt*, 27 M.J. 57, 60 (C.M.A.1988) (uncharged misconduct not closely related to the charged offense should not be considered for sentencing purposes). The stipulated facts were neither part of nor directly related to the same transaction as the crime charged. *See United States v. Doss*, 15 M.J. 409 (C.M.A.1983); *United States v. Vickers*, 13 M.J. 403 (C.M.A.1982). However, the appellant in the case at bar expressly agreed to permit the presentation of such evidence to the sentencing authority in return for the favorable sentence limitation and there is no evidence of overreaching by the Government in the case at bar. Following *Glazier*, we find no error.

The stipulation of fact admitted at trial was presented to the convening authority by the appellant as part of the proposed plea agreement. Thus, this is not a case where a trial counsel has required an accused to perform some act not contemplated by the accused's agreement with the convening authority. Rather, it is a case where the trial counsel has insisted that the accused fulfill that part of the bargain which he himself proposed.

■ Nor is this a case where the convening authority has insisted upon terms so unreasonable as to be unconscionable. The stipulated acts of uncharged misconduct, although technically inadmissible under R.C.M. 1001(b)(4), established a continuing and pervasive criminal enterprise by the appellant to distribute cocaine.[1] Therefore, the Government's insistence that any pretrial agreement provide for the stipulation and consideration of such facts was not unreasonable.

Finally, this is not a case where there exists any question as to scope of use intended by the parties. Thus, the scope of the stipulation's permissible use is not controlled by R.C.M. 1001(b)(4) and Mil.R.Evid. 403. *See, e.g., United States v. DeYoung,* 29 M.J. 78 (C.M.A.1989); *United States v. Glazier, supra.* Rather, it is a case where the accused has purposefully consented to consideration of the acts of uncharged misconduct during sentencing. *See United States v. Kinman,* 25 M.J. at 100 n. 2; *United States v. Bertelson,* 3 M.J. 314, 316 (C.M.A.1977). While in the normal context of sentencing proceedings, such consensual use of uncharged misconduct might amount to ineffective assistance of counsel, *see, e.g., United States v. Bono,* 26 M.J. 240 (C.M.A.1988), the appellant and his counsel in this case negotiated a tactical if not strategic benefit by offering to permit the sentencing authority to consider such evidence by means of stipulation. In short, this is the situation anticipated by the Court of Military Appeals in *Glazier:* an accused has expressly "waived" his objection to the admission and consideration of uncharged misconduct for sentencing purposes. *See generally United States v. Glazier, supra.* The appellant's subsequent objection to the contents of the stipulation without withdrawing from either the plea agreement or the stipulation suggests that his offer to stipulate was not made in good faith: he was effectively seeking to avoid performing his part of the bargain while retaining the benefits of that bargain.

■ In related assignments of error, appellant contends that the military judge failed to ensure that the appellant understood the terms of his pretrial agreement concerning the stipulation of fact and that the sentence adjudged may have been designed to punish him for uncharged misconduct. We find no merit in these contentions. Extensive discussions were conducted on the record at the time the stipulation of fact was offered into evidence. Although counsel initially objected to certain facts contained therein, the record reflects that the appellant elected to persist in his guilty plea with the benefit of the pretrial agreement and attendant stipulation. The military judge clearly stated in open court that the stipulation would be considered in sentencing the appellant but that the appellant would not be punished for any offense not charged by the Government. There can be no doubt that the appellant understood the effect of his pretrial agreement and the stipulation of fact nor is there any doubt that the military judge understood his duty to sentence the appellant solely for the offenses of which the appellant had been convicted.

■ Pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982), appellant contends he was sentenced too severely in light of information he provided to agents of the U.S. Army Criminal Investigation Command (CID). The sentence imposed by the military judge included a period of confinement which was one year less than permitted by the terms of the pretrial agreement. The sentence imposed was appropriate to the accused's criminal conduct.

The findings of guilty and sentence are affirmed.

Judge KANE and Judge WERNER concur.

---

1. We note that this evidence would have been admissible on the merits had the appellant entered a plea of not guilty. The evidence would have been probative of the appellant's intent to distribute.