**UNITED STATES, Appellee,**

v.

**Private First Class Joel A. KLINKO, 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, United States Army, Appellant.**

**ACMR 9002826.**

U.S. Army Court of Military Review.

11 Feb. 1993.

---

For Appellant: Major Robin L. Hall, JAGC, Captain Michael Huber, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Donna L. Barlett, JAGC, Captain Samuel J. Smith, Jr., JAGC (on brief).

Before De GIULIO, BAKER, and WALCZAK, Appellate Military Judges.

## OPINION OF THE COURT
## ON REMAND

De GIULIO, Senior Judge:

Appellant was tried by a military judge sitting as a general court-martial. Pursuant to his pleas, he was found guilty of two specifications of absence without leave, two specifications of sodomy with a child, and two specifications of indecent acts with a child, in violation of Articles 86, 125, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 925, and 934 (1982) [hereinafter UCMJ]. He was sentenced to a dishonorable discharge, confinement for eighteen years, and total forfeitures. In accordance with a pretrial agreement, the convening authority reduced the confinement to fifteen years but otherwise approved the sentence.

This case was initially submitted to this Court on its merits. Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), appellant personally asserted that his counsel was ineffective because he failed to present that appellant was sexually abused as a child, that appellant had a drug problem that interfered with his ability to think straight at the time of the offenses, and that his defense counsel should have opposed the admission of a videotape of a victim interview and a segment of a pornographic film which appellant had shown to the child-victims. He submitted his affidavit in support of this allegation. Government appellate counsel submitted the affidavit of the trial defense counsel concerning the allegations of ineffective assistance of counsel.

On 6 February 1992, this Court affirmed the findings of guilty and the sentence, stating, in part,

> Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), the appellant asserts that he was denied the effective assistance of counsel at trial. After carefully reviewing the record of trial and the affidavits of the appellant and his trial defense counsel, we find that the appellant's assertion is without merit. *See Strickland v. Washington*, 466 U.S. 668 [104 S.Ct. 2052, 80 L.Ed.2d 674] (1984).

*United States v. Klinko*, ACMR 9002826 (A.C.M.R. 6 Feb. 1992) (unpub.).

In a supplement to his petition for grant of review to the United States Court of Military Appeals, defense appellate counsel submitted the case on its merits. Pursuant to *Grostefon*, appellant submitted the same assertion of ineffective assistance of counsel which he had previously submitted to this Court.

On 2 July 1992, the United States Court of Military Appeals set aside this Court's decision, finding that the affidavit of trial defense counsel raised a question as to whether *sub rosa* agreement existed between him and the trial counsel as to the admission of certain evidence. The case was remanded to this Court for findings of fact and a determination whether a *sub rosa* agreement existed between trial and defense counsel because,

[i]f such an agreement existed, it may have rendered the pleas of guilty improvident as the military judge did not have the opportunity to inquire as to whether appellant understood the consequences of his failure to contest admissibility of the evidence. RCM 910(f), Manual for Courts–Martial, United States, 1984; *United States v. King*, 3 MJ 458 (CMA 1977); *cf. United States v. Schaffer*, 12 MJ 425 (CMA 1982); *but see United States v. Cooke*, 11 MJ 257 (CMA 1981). *United States v. Klinko*, 36 M.J. 69 (C.M.A.1992) (summary disposition).

After appellant was given an opportunity by this Court to submit pleadings on remand, the case was again submitted on its merits. Again, appellant personally asserts ineffective assistance of counsel, pursuant to *Grostefon*. Taking his cue from the remand, appellant now adds to his *Grostefon* assertion that there was an improper *sub rosa* agreement between trial and defense counsel. He asserts that his trial defense counsel agreed not to object to the admission of two prosecution exhibits, the videotape of one of the victims and a portion of a pornographic film appellant showed to the child-victims. Appellant supports his assertion with his affidavit swearing that the military judge did not ask him if he understood the consequences of failure to contest the admissibility of the two exhibits, that had he known he would have wanted his defense counsel to keep them out of evidence, that he did not understand that the exhibits were required as part of his pretrial agreement, and that he would have asked trial defense counsel to keep these exhibits out of evidence even at the cost of his pretrial agreement.

In his affidavit, trial defense counsel informs us that the offenses occurred in New York State while appellant was absent without leave, appellant had confessed to the offenses, and appellant wanted to avoid being tried by the State of New York and serving time in a New York prison. He maintains that trial counsel would only

take the case if there was a pretrial agreement on their terms. Counsel stated,

> Given the inequity of our bargaining position, the Stipulation of Fact and the prosecution exhibits were heavily skewed in the Government's favor. Prosecution Exhibit 2 (the video of [one victim's] interview), was technically objectionable but in pretrial conference the trial counsel insisted that it go into the stipulation otherwise the Government would withdraw from the agreement, and Klinko would be sent back to NY. This is also the same reason the excerpt of the pornographic video drew no objection. *In sum, the admission of the Stipulation and the Government exhibits were all a part of the agreement. All of this was explained to Klinko in detail. If he did not agree with the stipulation, or objected to the Government exhibits, he could withdraw from the agreement and he could return to NY.* Klinko decided to remain in a military forum and allow the evidence to be admitted for sentencing purposes, knowing that he had a ceiling of 15 years IAW the agreement. (emphasis added).[1]

Trial counsel's affidavit paints a different picture. She denies the existence of any *sub rosa* agreement between defense and prosecution and emphatically states that she "did not 'agree to take the case only if there was a pretrial agreement' on the government's terms." She states that, even before defense counsel had been detailed to represent appellant, charges had been preferred, the appellant had confessed to the CID, and the summary court-martial convening authority had forwarded the charges recommending trial by general court-martial. She indicates that, although she expected a guilty plea, it was possible that the case would be contested and she prepared accordingly. In relation to the videotapes, she stated,

> The two prosecution exhibits in question ... were excellent aggravation evidence. As an officer of the court, I was also aware of the responsibility to introduce

---

1. Apparently, it is the emphasized language to which the United States Court of Military Appeals refers in its remand.

evidence to insure that PVT Klinko's pleas were provident and that the requirements of the providence inquiry were met. Both of these pieces of evidence furthered that objective. I did not believe, nor do I believe now, that the two tapes were legally inadmissible. With the proper evidentiary foundations, they would have been admitted into evidence. As with any stipulation, there were facts and evidence that the prosecution wanted included and facts and evidence the defense wanted included. This case was no different; both defense and prosecution added and deleted certain facts from the stipulation in order to get the best result for their client. I did insist that the two exhibits at issue come into evidence. I believed they were necessary to protect the government's interest in the case and to secure a sentence which best served the needs of discipline and justice in the command. I informed the defense counsel that the government was prepared to withdraw from the deal if defense would not agree to the inclusion of the two prosecution exhibits incorporated by reference in the stipulation. The defense was likewise free to withdraw their offer to plead, lose the benefit of their deal, and risk the resulting consequences, which included trial by court-martial or return to New York civilian authorities for prosecution.

We turn now to the cases cited in the remand. In *King*, it was held that a providence inquiry was insufficient where the military judge failed to secure from the defense counsel and the prosecutor confirmation that the written agreement encompassed all of the understandings of the parties. The military judge also failed to insure that his interpretation of the agreement comported with counsel's understanding of the meaning and effect of the plea bargain. In *Schaffer*, it was held that waiver of a hearing pursuant to Article 32, UCMJ, was a permissible condition of a pretrial agreement. The Court held that such a condition must be carefully scrutinized in the providence inquiry. In *Cooke*, it was held that, although a military judge has an obligation to inquire into the existence of a pretrial agreement, he has no obligation to obtain the personal assurance of the accused after his attorney denies an agreement exists. Appellant's failure to object ratifies his counsel's disclaimer. The Court also held that an accused's mistaken belief that an agreement existed was insufficient to set aside a plea of guilty which was entered after a properly conducted providence inquiry.

■ The case before us involves the procedure generally used throughout the Army. It is a rare pretrial agreement which does not contain, as a condition, the requirement to enter into a stipulation of fact. Because defense counsel are reluctant to enter into a stipulation of fact prior to acceptance of an offer to plead guilty, that part of the agreement is left to be "ironed out"` between trial and defense counsel after the offer is accepted. It is this process which appears to be called into question by this case. We hold that this process, in and of itself, does not amount to a *sub rosa* agreement.

■ From the record before us, pursuant to Article 66(c), UCMJ, 10 U.S.C. 3866(c), we make the following findings of fact:

a. That appellant was interested in insuring that the Army retain jurisdiction of his case, because he did not want to be tried by the State of New York and because of his great fear of serving confinement in a New York State prison.

b. That in an effort to insure trial by court-martial and to limit his punishment, appellant entered into a pretrial agreement on 21 September 1990.

c. That the pretrial agreement was signed by the convening authority on 21 September 1990 and that the stipulation fact was signed on 23 September 1990.

d. That a condition of that pretrial agreement was the requirement to enter into a stipulation of fact.

e. That in arriving at a stipulation of fact, the trial counsel demanded that the two videotapes (Prosecution Exhibits 1 and 2) be incorporated into the stipulation of

fact. Otherwise, counsel would not agree to the stipulation.

f. That appellant agreed to the inclusion of the videotapes in the stipulation of fact in order to insure he was tried by court-martial rather than the State of New York.

g. That appellant entered into the stipulation after full advice of his counsel and that his agreement was voluntary and knowing.

h. That there were no *sub rosa* agreements.[2]

i. That appellant was not precluded from objecting to admission of the evidence in question, but his objection, if successful, would violate a provision of the pretrial agreement and could result in the government's withdrawal from the agreement.

■ Because stipulations of fact are no longer truly binding agreements, appellant could have objected to the three prosecution exhibits which were incorporated into the stipulation.[3] *See United States v. Glazier*, 26 M.J. 268 (C.M.A.1988) (military judge may act on objections to matters in a stipulation of fact). Absent a provision that the matters are admissible without regard to the rules of evidence, preferably contained within the stipulation itself, a successful objection to such matters does not entitle the government to abrogate the agreement. *Id.* at 271. (Chief Judge Everett, concurring). The stipulation of fact in appellant's case contains a provision that the "[f]acts are true, susceptible of proof, and admissible." The evidence in question was admissible in accordance with *Glazier*. An additional statement, however, that the evidence could be considered without regard to the rules of evidence would have been better practice. Staff judge advocates would be well advised to insure that provision is contained in pretrial agreements or stipulations of fact.

■ This brings us then to appellant's assertion that the videotapes were not admissible evidence. This belief, if held by the appellant, was mistaken. Thus, appellant's original *Grostefon* assertion that his counsel was ineffective was the appropriate issue. *See Cooke*, 11 M.J. at 261 n. 5 ("An accused's mistaken belief may be relevant to other grounds for setting aside a guilty plea—such as incompetence of defense counsel. . . .").

After considering the facts of this case, to include appellant's strong desire not to be tried by the State of New York, we conclude that appellant "got what he bargained for." He should not be heard to complain now that his bargain was unfair. His counsel was not ineffective. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

The findings of guilty and the sentence are affirmed.

Judge BAKER and Judge WALCZAK concur.

---

**2.** The military judge asked appellant twice, in a different manner each time, whether there were agreements or promises outside the pretrial agreement. (R. 58). Each time, appellant indicated that there were no other agreements. We have no doubt that appellant understood these and all other questions posed by the military judge.

**3.** In addition to the two videotapes, the stipulation of fact also incorporated a sworn statement made by appellant to criminal investigators.