UNITED STATES

v.

**Samuel E. ALLEN, 221–44–5614 Cryptologic Technician (Maintenance) (E–6), U.S. Navy.**

**NMCM 93 00461.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 11 Dec. 1992.

Decided 10 Dec. 1993.

LT Darryl G. Geary, JAGC, USNR, Appellate Defense Counsel.

LT Jack M. Kegelmeyer, JAGC, USNR, Appellate Government Counsel.

Before LARSON, C.J., and WELCH and ORR, Senior Judges.

LARSON, Chief Judge:

This is an appeal from a conviction of one specification of desertion, nine specifications of making a false official document and one specification of forgery, in violation of Articles 85, 107 and 123, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 885, 907 and 923, respectively. The appellant pleaded guilty to these offenses, pursuant to a pretrial agreement, and was sentenced to confinement for 10 months, reduction to pay grade E–1, and a bad-conduct discharge. The convening authority approved the sentence as adjudged.

The appellant assigned five errors, all of which have been resolved adversely to him by prior appellate decision. *United States v. Weiss,* 36 M.J. 224 (C.M.A.1992), *cert. granted,* —— U.S. ——, 113 S.Ct. 2412, 124 L.Ed.2d 635 (1993); *United States v. Graf,* 35 M.J. 450 (C.M.A.1992); *United States v. Mitchell,* 37 M.J. 903 (N.M.C.M.R.1993) (en banc). Not specified as error are two other matters that cause us concern. Both pertain to the pretrial agreement in this case and the inquiry by the military judge into its terms.

First, the allied papers accompanying the record of trial make clear the fact that the appellant's offer to waive the Article 32, UCMJ, Investigation was part of the consideration in the pretrial agreement. The record contains a document, entitled CONDITIONAL WAIVER OF ARTICLE 32 INVESTIGATION, which is signed by the appellant and his counsel and dated 20 November 1992. It sets forth in detail the appellant's understanding of the rights he would be waiving as well as the fact that the waiver is expressly conditioned on the general court-martial convening authority's acceptance of the terms of his proposed pretrial agreement. Likewise, the trial defense counsel specifically includes the waiver as a proposed term in a 24 November 1992 memo to the convening authority requesting approval of the enclosed pretrial agreement. Finally, the staff judge advocate notes this provision as well in his Article 34, UCMJ, advice to the convening authority.

Unfortunately, the pretrial agreement itself, which is included in the record as Appellate Exhibits I and II, makes no mention of the Article 32 Investigation waiver. We presume the military judge was unaware of this provision before trial because his inquiry—which covered all other provisions—omits discussion of it. Bothersome is the fact that, despite this omission, neither counsel brought this matter to the attention of the judge; in fact, all parties assured him that his inquiry had covered all the terms. Record at 64.

■ The law is settled that an accused can waive an Article 32 Investigation in general, Rule for Courts–Martial (R.C.M.) 405(k), and in particular as part of a pretrial agreement. R.C.M. 705(c)(2)(E); *United States v. Schaffer,* 12 M.J. 425 (C.M.A.1982). The problem here is not the inclusion of this provision in a pretrial agreement. The problem is that its

omission from the express written agreement coupled with counsels' failure to advise the military judge of its existence prevented him from fully complying with his duties under R.C.M. 910(f)(3) and (4) to inquire into all the terms and to ensure the accused's understanding thereof. However, considering the fact that the appellant's waiver of the Article 32 Investigation was knowing and was initiated by him, we do not find his pleas to be improvident nor do we find any other form of prejudice as a result of the lack of an inquiry into this provision of the agreement.

The second concern we have is the meaning and effect of an agreement by the parties to be bound by a stipulation of fact (Pros. Ex. 1) to be used by the military judge during his inquiry into the factual sufficiency of the guilty pleas, R.C.M. 910(e), and during the presentencing portion of the court-martial. This practice comports with this Court's recent guidance in *United States v. Sweet,* 38 M.J. 583 (N.M.C.M.R.1993), and was particularly appropriate with the complicated and detailed fact pattern underlying these offenses. Although the understanding of the parties appeared to be that the offer by the defense to stipulate was not part of the pretrial agreement, the military judge on his own considered the stipulation of fact as a provision of the agreement. Record at 15.

The first paragraph of the stipulation—and the only part that generates our concern— contains serious uncharged misconduct. Specifically, the facts in that paragraph are that the appellant falsified some award entries in his service record which led to his promotion to pay grade E–6 before he was actually eligible. Falsifying his service record in this fashion in order to gain various professional advantages is the same type of misconduct to which he pleaded guilty and was convicted. However, there was no evidence that he actually succeeded in obtaining any tangible benefit as a result of his *charged* misconduct by the time it was discovered. By contrast, as a direct result of ·the prior *uncharged* misconduct, he received over $5000 in pay to which he was not entitled. Pros. Ex. 1. Consequently, this prior misconduct was, at least potentially, quite significant.

It is unclear from the record whether the understanding between the parties concerning the stipulation to uncharged misconduct was limited to merely an agreement as to the truth of the matters asserted or extended as well to its admissibility during presentencing. The trial defense counsel's apparent understanding was that the stipulation was offered and its admissibility waived in exchange for the Government's agreement not to charge the appellant with the prior misconduct. Record at 64. However, any such understanding by the Government was not made clear by the trial counsel nor explored by the military judge, at least not to the degree necessary to bar subsequent prosecution of the offenses in question. In fact, the trial counsel's position appeared to be limited to the uncharged misconduct's admissibility as evidence of a course of conduct related directly to the charged offenses. Record at 63. There does not appear on the record any representation by the trial counsel that purports to preclude future referral to court-martial of charges drafted from the described misconduct.

 As to the first question, i.e., whether the parties' agreement precluded defense objection to the admissibility of the stipulated misconduct, we conclude that, in the absence of an express provision to that effect, it did not. Parties to an agreement can stipulate to admissibility of evidence. *United States v. Glazier,* 26 M.J. 268 (C.M.A.1988). However, despite the trial defense counsel's apparent understanding to that effect, these parties did not do so. *Id.* at 270. Nevertheless, we find that the trial defense counsel waived any objection to the military judge's consideration of this evidence. Mil.R.Evid. 103(a). Whether she did so because she thought the agreement required it or for other unspecified reasons is of little consequence. Furthermore, we conclude that the appellant has not been harmed as a result of this confusion because the uncharged misconduct appears to be appropriate matter in aggravation, under R.C.M. 1001(b)(4), as evidence of a long-standing pattern of related conduct. *United States v. Ross,* 34 M.J. 183 (C.M.A.1992). Finally, it is clear from the fact that the sentence was far below the

maximum that the uncharged misconduct had little effect on the sentencing authority. Article 59(a), UCMJ, 10 U.S.C. § 859(a).

Regarding the possibility of whether the pretrial agreement (as it incorporates the stipulation of fact) precludes future prosecution for the stipulated misconduct, we must leave that to a future military trial judge to determine if he or she is called upon to do so. We recognize that, in this case, there is little likelihood of that happening. However, even that slim possibility should not exist if, in fact, it is contrary to the appellant's understanding of the pretrial agreement.

Despite the absence of assigned error as well as the absence of prejudice arising from these irregularities, we raise them to point out to trial practitioners the problems that can result if a thorough understanding of every term of a pretrial agreement—*and its practical effect*—is not made clear on the record. Furthermore, as is evident above, the military judge cannot shoulder this burden alone. Presumably, the parties to the agreement and their legal representatives in court know better than anyone just what they agreed to. Taking a few extra minutes at trial to clarify their understanding of the meaning and effect of each provision could preclude countless hours in appellate litigation later or, worse, in retrying an accused who did his best to providently plead guilty the first time around.

The findings and sentence, as approved on review below, are affirmed.

Senior Judges WELCH and ORR concur.