**UNITED STATES**

v.

**Airman First Class George L. MOORE, United States Air Force.**

**ACM S31502.**

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 22 May 2008.

20 May 2009.

Appellate Counsel for the Appellant: Major Shannon A. Bennett and Captain Marla J. Gillman.

Appellate Counsel for the United States: Colonel Gerald R. Bruce, Major Jeremy S. Weber, and Captain Megan E. Middleton.

Before FRANCIS, Senior Judge,
HEIMANN, Senior Judge, and
THOMPSON, Appellate Military Judge.

## OPINION OF THE COURT

HEIMANN, Senior Judge:

Consistent with the appellant's pleas, a military judge sitting as a special court-martial found him guilty of a single use of alprazolam,[1] a Schedule IV controlled substance, divers uses of marijuana during a two month period of time, and larceny, via a stolen ATM card, of over $500 in cash from a fellow airman, in violation of Articles 112a and 121, UCMJ, 10 U.S.C. §§ 912a, 921. The adjudged and approved sentence consists of a bad-conduct discharge, confinement for five months, and reduction to E–1.

On appeal, the appellant raises one issue before this Court. He asks the Court to set aside the sentence, claiming he was denied effective assistance of counsel during the sentencing phase of his trial. In particular, the appellant alleges that his trial defense counsel was ineffective when he failed to object to the admission of two prosecution sentencing exhibits, and compounded this failure by presenting no evidence of rehabilitation potential. For the reasons set forth below, we deny the appellant's claim of ineffective assistance, but find the military judge did commit plain error in admitting the two contested sentencing exhibits, and reassess the sentence.

### Background

During the course of his guilty plea, the appellant admitted to using marijuana on three separate occasions between 28 December 2007 and 7 February 2008. These admissions were completely consistent with the charged offense that he used marijuana on divers occasions between 4 December 2007 and 8 February 2008. Significantly, the prosecutors made no objections to the content of the appellant's admissions during his plea, nor did they seek to offer any evidence in findings suggesting more extensive drug use by the appellant during the charged time frame.

After the findings were announced, the prosecution offered several sentencing exhibits under Rule for Courts–Martial (R.C.M.) 1001(b). The trial defense counsel objected to two of the exhibits, contending they did not amount to proper aggravation evidence under R.C.M. 1001(b)(4). Agreeing with the trial defense counsel's objection, the military judge excluded the two contested exhibits but admitted, without question, the uncontested exhibits. Included in the uncontested exhibits were two reports from the Dover Air Force Base Drug Demand Reduction Program, showing the appellant tested positive for marijuana based upon random urinalyses conducted after the charged period of drug use, on 18 March 2008 and 6 May 2008. In both cases, the documents were only the report from the drug testing staff (as opposed to a full drug testing report) and were not accompanied by any disciplinary paperwork from the unit suggesting the appellant was ever made aware of these test results or suggesting they were a part of his personnel

---

1. Alprazolam is an anti-anxiety medication sold under the brand name Xanax.

records.[2]  Finally, despite the prosecutor's sentencing argument that the documents showed his lack of rehabilitation potential, all parties now agree the documents could only have been offered as aggravation evidence under R.C.M. 1001(b)(4).  The question before us is: Do they constitute proper aggravation evidence?

### Law and Analysis

■  R.C.M. 1001(b)(4) sets forth the contours of permissible evidence in aggravation at sentencing, as follows:

> The trial counsel may present evidence as to any aggravating circumstances directly relating to or resulting from the offenses of which the accused has been found guilty. Evidence in aggravation includes, but is not limited to, evidence of financial, social, psychological, and medical impact on or cost to any person or entity who was the victim of an offense committed by the accused and evidence of significant adverse impact on the mission, discipline, or efficiency of the command directly and immediately resulting from the accused's offense.

Military appellate courts have consistently held that this rule establishes two primary limitations on the admission of aggravation evidence.  First, the evidence must be "directly relating" to the offenses of which the accused has been found guilty.  Second, the evidence must also pass the test of Mil. R. Evid. 403, which requires balancing the probative value of any evidence against its likely prejudicial impact.  *United States v. Wilson,* 35 M.J. 473, 476 n. 5 (C.M.A.1992).  Furthermore, these rules do "not authorize introduction in general of evidence of ... uncharged misconduct."  *United States v. Nourse,* 55 M.J. 229, 231 (C.A.A.F.2001) (quoting Drafter's Analysis, *Manual for Courts–Martial, United States (MCM),* A21–67 (1995 ed.)). The rules also impose a " 'higher standard' than 'mere relevance.' "  *United States v. Rust,* 41 M.J. 472, 478 (C.A.A.F.1995) (quoting *United States v. Gordon,* 31 M.J. 30, 36 (C.M.A.1990)).

■  Our superior court has considered the precise question of uncharged drug involvement as proper aggravation evidence on several occasions.  In each case, the question has centered on the breadth of the phrase "directly related."  In *United States v. Shupe,* 36 M.J. 431 (C.M.A.1993), the Court found that testimony about a conspiracy to commit uncharged drug distributions was not isolated from the charged drug conspiracy offense.  *Shupe,* 36 M.J. at 436.  Specifically, the Court found that testimony outlining a more extensive conspiracy to distribute drugs than that admitted during the *Care*[3] inquiry was "not an isolated transaction but was [admissible as] part of an extensive and continuing scheme to introduce and sell LSD to numerous buyers assigned to the naval base" and as such it showed "the continuous nature of the charged conduct and its full impact on the military community."  *Id.* (quoting *United States v. Ross,* 34 M.J. 183, 187 (C.M.A.1992)).  In reaching this decision, the Court relied on prior cases which allowed in evidence of uncharged misconduct involving a continuous course of conduct.  *See, e.g., United States v. Mullens,* 29 M.J. 398 (C.M.A.1990) (evidence of uncharged indecent liberties with children admissible when convicted of sodomy and indecent acts with the same children); *Ross,* 34 M.J. at 187 (evidence that accused altered test scores on occasions other than those for which he was convicted admissible to show "continuous nature of the charged conduct and its full impact on the military community").

Contrary to the cases above, our superior court recently, in *United States v. Hardison,* 64 M.J. 279 (C.A.A.F.2007), found aggravation evidence of a prior service drug usage was not "directly related" to a charge of a single specification of drug use.  The Court stated the link between the uncharged misconduct and the charged offenses must be "closely related in time, type, and/or often outcome, to the convicted crime."  *Hardison,* 64 M.J. at 282.  In finding the drug uses were not "directly related," the Court held

---

2.  Because we have no evidence to suggest that the documents were included in the appellant's personnel records they would not have been admissible under R.C.M. 1001(b)(2).

3.  *United States v. Care,* 40 C.M.R. 247, 253, 1969 WL 6059 (C.M.A.1969).

there "was no evidence that the uses were connected in a manner this Court has recognized." *Id.* Significant in this conclusion was the time separation of three and a half years between the events and the fact there was no evidence of the "continuous nature of the charged conduct." *Id.* (quoting *Mullens,* 29 M.J. at 400). While we recognize the appellee's argument that *Hardison* can be distinguished because of this time gap and the arguably continuous nature of the appellant's drug usage, we believe these arguments ignore the remainder of the analysis in *Hardison.*

In addition to the time relationship, the Hardison Court highlighted that there still must be a direct relationship between the charged and the uncharged misconduct. The appellee argues the mere similarity of the offenses combined with the proximity is adequate to establish the "directly related" requirement. The appellant contends there is no showing the positive urinalysis explains "the circumstances surrounding the charged offenses," thus it could not be aggravation.

We believe this later argument is supported by the rationale in *Hardison.* Specifically, the Hardison Court rejected the argument that Hardison's prior admission of drug usage and her acknowledgement of the Navy's policy against drugs were "directly related." It said to conclude otherwise would "negate the meaning of the words 'directly related.'" *Hardison,* 64 M.J. at 283. As the Court stated, to "aggravate it must make worse, more serious, or more severe than it would otherwise have been." *Id.* But also, the Hardison Court held the "directly related" requirement must be read and applied in a context such as to give the President's use of the phrase meaning. *Id.*

Considering all of the above, we conclude that the appellant's drug usage weeks to months after his charged divers uses of drugs was in no way "directly related" to his prior charged drug use. To conclude otherwise would simply result in the conclusion that all drug usage is aggravating to any charged drug usage. This conclusion would eviscerate the point of the Presidential language in R.C.M. 1001(b)(4). Ultimately, the question is not whether the appellant's con-

tinued use of marijuana while pending court-martial charges is aggravating—certainly it is, and it has a direct impact on good order and discipline. The question is whether the subsequent uses make the former use aggravating in a way consistent with the limitations of R.C.M. 1001(b)(4) and case precedent. We find that it does not.

We understand that, as Chief Judge Everett wrote in *United States v. Wingart,* 27 M.J. 128 (C.M.A.1988), "... some will criticize the limitations which the President imposed on the evidence admissible in sentencing proceedings." *Id.* at 136. However, Judge Everett's analysis of relaxing the rules of admissibility during sentencing proceedings is as viable today as when he promulgated the *Wingart* decision in 1988. Chief Judge Everett wrote:

> It might be nice for the sentencing authority in a court-martial to have access to evidence about misconduct of the accused for which he has never been charged or convicted and which was not "directly relating to or resulting from the offenses of which" he "has been found guilty." However to relax the rules of admissibility in this manner might generate "trials within trials," require the presence of many additional witnesses, and protract the sentencing proceedings interminably. This potential is especially likely when sentencing is by court members instead of by the judge—an occasion which does not arise in Federal district courts. Moreover, there is some element of potential unfairness in such use of evidence of uncharged misconduct, especially since the Government does not bear a heavy burden of proof with respect to such misconduct.

*Id.* (citations omitted). Chief Judge Everett's observations take on added meaning when one considers the numerous tools already available to the Government to reference the additional misconduct, ranging from incorporating the essence of that misconduct in opinion testimony as to an accused's rehabilitation potential pursuant to R.C.M. 1001(b)(5), to fully fleshing out the criminal nature of the additional misconduct by referring additional specifications to the standing court-martial or to another court-martial.

Finally, if the additional drug uses had been documented in the form of administrative paperwork or nonjudicial punishment, those documents might have been admissible under R.C.M. 1001(b)(2).

*Holding*

We begin by rejecting the appellant's claim that his trial defense counsel was ineffective for failing to provide the trial court with any evidence of his rehabilitative potential. We note the appellant still offers no evidence to suggest he had rehabilitative potential. He had just over one year of service, much of which was marked with the charged offenses. It is hardly unusual that his sentencing case was minimal.[4] The appellant has the burden of showing his counsel's conduct was defective. He has not met this burden on his claim of an inadequate sentencing hearing. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *United States v. Garcia,* 59 M.J. 447, 450 (C.A.A.F. 2004); *United States v. McConnell,* 55 M.J. 479, 482 (C.A.A.F.2001).

We next consider the impact of the admission of the improper aggravation evidence. We begin by concluding it was error to admit the documents. They document misconduct occurring outside the charged time frame and there was no documentation showing the appellant was put on notice of the results leads us to the conclusion that the error was significant. Finally, whether we consider the impact of this error from a standpoint of a plain error analysis or from an ineffective assistance analysis, both require the appellant to establish the error materially prejudiced his substantial rights. *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052; *United States v. Hays,* 62 M.J. 158, 166 (C.A.A.F.2005); *United States v. Scalo,* 60 M.J. 435, 436 (C.A.A.F. 2005); *Garcia,* 59 M.J. at 450–53; *McConnell,* 55 M.J. at 481; *United States v. Powell,* 49 M.J. 460, 463–65 (C.A.A.F.1998). We choose to apply a plain error analysis.

■ We have no doubt, for the reasons already stated, the admission was an error and this error was plain. The question re-

maining is, was there material prejudice? We believe this is a close call. The charges above were preferred and referred against the appellant on 12 and 14 March 2008, respectively. Subsequent to being charged with drug usage, he tested positive twice for marijuana, clearly indicating continued drug usage. It is difficult to imagine something more damaging to an appellant's sentencing case than evidence that the appellant has continued the very conduct for which his court-martial was pending. The prosecution agreed, because they referenced his continued drug usage twice in their relatively short sentencing argument. As such, we conclude that the appellant suffered material prejudice from the admission of these documents.

Because we find material prejudice, we next analyze the case to determine whether we can reassess the sentence. *United States v. Doss,* 57 M.J. 182 (C.A.A.F.2002). "If the court can determine that, absent the error, the sentence would have been at least of a certain magnitude, then it may cure the error by reassessing the sentence instead of ordering a sentence rehearing." *Id.* at 185 (citing *United States v. Sales,* 22 M.J. 305, 307 (C.M.A.1986)). We conclude that we can.

The appellant admitted to using marijuana three times, in addition to using alprazolam and stealing over $500. Considering the facts and circumstances surrounding these offenses, particularly the egregious nature of his larceny from a friend in the dorm, and the lack of any evidence the appellant had potential for rehabilitation, we are satisfied that without that additional urinalysis evidence, the military judge would have imposed a sentence consisting of at least a bad-conduct discharge, reduction to E-1, and confinement for four months, and reassess the sentence accordingly. Furthermore, we find the sentence, as reassessed, to be appropriate. *United States v. Peoples,* 29 M.J. 426 (C.M.A.1990).

*Conclusion*

The approved findings and the sentence, as reassessed, are correct in law and fact and no

---

4. We also note that had the trial defense counsel offered evidence of rehabilitation potential, the two positive urinalyses showing drug usage after

charges were preferred would certainly have been proper rebuttal.

other error prejudicial to the substantial rights of the appellant occurred.[5] Article 66(c), UCMJ, 10 U.S.C. § 866(c); *United States v. Reed*, 54 M.J. 37, 41 (C.A.A.F.2000). Accordingly, the findings, as approved, and the sentence, as reassessed, are

AFFIRMED.

---

5. Although not affecting the legal sufficiency of the case, the promulgating order incorrectly identifies the military judge as Thomas Dukes.

We hereby order the promulgation of a corrected order.