# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM 39242**

———————————

**UNITED STATES**
*Appellee*

**v.**

**James L. DONOHO**
Senior Airman (E-4), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 19 November 2018

———————————

*Military Judge:* Marvin W. Tubbs, II (trial); Tiffany J. Williams (post-trial motion).

*Approved sentence:* Dishonorable discharge, confinement for 66 months, forfeiture of all pay and allowances, and reduction to E-1. Sentence adjudged 30 January 2017 by GCM convened at Grand Forks Air Force Base, North Dakota.

*For Appellant:* Major Patricia Encarnación Miranda, USAF; Captain Dustin J. Weisman, USAF; David P. Sheldon, Esquire; Tami L. Mitchell, Esquire.

*For Appellee:* Colonel Katherine E. Oler, USAF; Lieutenant Colonel Joseph J. Kubler, USAF; Lieutenant Colonel G. Matt Osborn, USAF; Mary Ellen Payne, Esquire.

Before MAYBERRY, HUYGEN, and POSCH, *Appellate Military Judges*.

Senior Judge HUYGEN delivered the opinion of the court, in which Chief Judge MAYBERRY and Judge POSCH joined.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

———————————

HUYGEN, Senior Judge:

Appellant pleaded guilty, pursuant to a pretrial agreement (PTA), to one specification each of abusive sexual contact, indecent visual recording, possession of child pornography on divers occasions, and distribution of child pornography on divers occasions, in violation of Articles 120, 120c, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 920, 920c, 934.[1] The military judge sentenced Appellant to a dishonorable discharge, confinement for 66 months, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority approved the sentence as adjudged.

Appellant raises on appeal seven issues: (1) whether the omission of the three images of SV in Attachment 3 of the stipulation of fact renders the record of trial incomplete; (2) whether Appellant's guilty pleas to possession and distribution of child pornography are not provident because, during the guilty plea inquiry, Appellant referenced images that are not "child pornography;"[2] (3) whether the references in the stipulation of fact to "suspected child pornography" and "child erotica" and the inclusion of "innocent pictures of children" and "child erotica" in Attachment 2 of the stipulation of fact constitute improper aggravation evidence; (4) whether the military judge abused his discretion by considering for sentencing the three images of SV that he could not and did not consider to find Appellant guilty of possession of child pornography; (5) whether the military judge abused his discretion by considering SV's testimony as it related to the impact of Appellant's offenses on AC; (6) whether Appellant's sentence, including a dishonorable discharge and 66 months of confinement, is inappropriately severe;[3] and (7) whether Appellant is entitled to relief for lack of timely appellate review. We find no prejudicial error and affirm the findings and sentence.

---

[1] Appellant pleaded not guilty to one specification of production of child pornography, which the Government withdrew and dismissed in accordance with the PTA.

[2] Appellant originally raised this issue pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and framed it as whether Attachments 2 and 3 of the stipulation of fact contain images that do not qualify as child pornography. No analysis was included. Later, counsel raised the issue as re-stated.

[3] Although Appellant does not raise an issue regarding the staff judge advocate's recommendation (SJAR), we note the SJAR erroneously advised the convening authority that Appellant was found guilty of, *inter alia*, "Charge III and its three specifications." Appellant was found guilty of two specifications of Charge III; the third specification was withdrawn and dismissed. Under the facts of this case, we find no colorable showing of possible prejudice caused by this error. *See United States v. Scalo*, 60 M.J. 435, 436–37 (C.A.A.F. 2005) (citation omitted).

## I. BACKGROUND

In July 2015, Appellant's friend, RS, introduced him to AC and SV. AC, an 18-year-old female, and SV, a 16-year-old female, would "hang out" at RS's residence and drink alcoholic beverages with RS, Appellant, and others. On 20 July 2015, AC was at RS's residence and fell asleep, fully clothed. While AC was sleeping on her stomach, Appellant pulled down her pants, exposed her buttocks, touched her buttocks with his hand, and used his Apple iPod device to photograph her buttocks and his hand touching her buttocks.

Appellant also saved on his iPod one image of SV manually stimulating his penis and two images of SV performing oral sex on him. The three images of SV were dated 27 July 2015.

From November 2014 to November 2015, Appellant used peer-to-peer file sharing software to download child pornography from other users of the same software and stored the child pornography on his personal computer. He distributed the child pornography he possessed by making it available for other users to download it from his computer.

In October 2015, the Minnesota Child Exploitation Task Force contacted the North Dakota Bureau of Criminal Investigations, which contacted the Air Force Office of Special Investigations about Appellant's suspected possession and distribution of child pornography. Subsequently, law enforcement searched Appellant's on-base dormitory room and off-base apartment and seized his computer and iPod, both of which contained suspected child pornography.

Pursuant to the PTA, Appellant signed a stipulation of fact that described his abusive sexual contact and indecent visual recording of AC[4] and his possession and distribution of child pornography. The stipulation specified that the Defense Computer Forensics Laboratory (DCFL) "created a report featuring 23 images and a video of child pornography" (Paragraph 26) and that Appellant "possessed at least 26 images and videos of child pornography among both his laptop computer and iPod" (Paragraph 27). Paragraph 27 of the stipulation also described a folder titled "Sandra" that Appellant created on his computer, and Paragraph 28 provided the file names and graphic descriptions of three images of child pornography from the folder (hereinafter the "Sandra" images). Paragraph 29 described three images of SV manually and orally stimulating Appellant's penis (hereinafter the SV images) but did not

---

[4] The guilty pleas and findings for abusive sexual contact and indecent visual recording of AC are not at issue on appeal.

specify that Appellant possessed the images on his iPod. The stipulation listed four attachments as follows:

> 1. Sanitized DCFL Report, dated 28 July 2016, 16 pages
> 2. CD [compact disc] containing images and a video listed in Attachment 1
> 3. CD containing images of S.V.
> 4. Printed photos of A.C.[5]

At trial, the military judge incorporated the stipulation of fact in the guilty plea inquiry, and he and Appellant specifically discussed the "Sandra" images that were saved on Appellant's computer and named and described in Paragraph 28 of the stipulation. Appellant confirmed that Paragraph 29 described the SV images saved on Appellant's iPod. Appellant also confirmed that SV was 16 years old at the time the images were made. Through follow-up questions, the judge elicited from Appellant that he did not know SV's age at the time the images were made and did not think the images of SV "look like" a minor engaging in sexually explicit conduct.

The military judge recessed the court-martial for a Rule for Courts-Martial (R.C.M.) 802 session. After the session, the military judge asked Appellant several more questions and then stated, "I'm not going to utilize the iPod images [of SV] with respect to determining your guilt on this particular specification, because I'm not sure you have demonstrated to me that you *knowingly* possessed child pornography with regard to those." (Emphasis added.)

Appellant verified that he kept 23 of the 26 images specified in Paragraph 27 on his computer, with the other three images being the SV images on his iPod. When the military judge asked if the 23 images were "images of a minor or what appeared to be a minor engaging in sexually explicit conduct," Appellant answered "yes" but then added, "I remember at least those images being exhibition." Appellant confirmed that, by "exhibition," he meant "lascivious exhibition of the genitals or pubic area" and that the "Sandra" images described in Paragraph 28 depicted sexual acts.

After the military judge and Appellant discussed Appellant's guilty plea for distribution of child pornography, the judge clarified with trial and defense counsel and then Appellant that,

---

[5] These eight photographs were taken by Appellant and evidence his abusive sexual contact and indecent visual recording of AC. These photographs are not at issue on appeal.

> [W]ith regard to [possession of child pornography], I'm only considering the 23 images on the computer, I'm not utilizing the three images [of SV] on the iPod to make a determination as to whether [Appellant's] plea is provident and to make a determination as to whether I find him guilty.

The military judge accepted the PTA and Appellant's guilty plea and admitted the stipulation of fact as Prosecution Exhibit 1.

## II. DISCUSSION

### A. Complete Record of Trial

Appellant asserts that the omission of the three images of SV in Attachment 3 of the stipulation of fact renders the record of trial incomplete; we disagree.

#### 1. Additional Background

On 8 February 2018, Appellant filed his assignments of error, which identified that the three images of SV in Attachment 3 of the stipulation of fact were missing from the original record of trial.[6] In the original record, Attachment 1 of the stipulation of fact is a printed copy of the DCFL report; it is labeled "sanitized" and all images were removed from it before it was printed. Attachment 2, listed in the stipulation as a "CD containing images and a video listed in Attachment 1," is a CD containing an electronic, non-sanitized copy of the DCFL report with the images included. Attachment 3, listed in the stipulation as a "CD containing images of S.V.," is a CD containing 23 images and one video. The 23 images include the three "Sandra" images named and described in Paragraph 28 of the stipulation of fact. No attachment to the stipulation contains the three images of SV.

From February until June 2018, the Government attempted to correct the record of trial. Ultimately, the military judge determined that he could not issue a certificate of correction, and the record was returned to the court with the three images of SV still missing from it.[7]

---

[6] Attachments 2 and 3 of the stipulation of fact were sealed by the military judge. As a result, they were placed only in the original record of trial and not in any copy.

[7] Although we are affirming the findings and sentence in Appellant's case, we are greatly troubled at the Government's mishandling of child pornography. The images of SV were not just omitted from the record; they were lost. Yet again, we remind Air Force personnel whose responsibilities include post-trial processing to exercise care in the execution of their duties.

### 2. Law

A general court-martial with an adjudged sentence that includes a discharge or any other punishment that exceeds that which may be adjudged by a special court-martial requires a complete record of the proceedings. Article 54(c)(1)(A), UCMJ, 10 U.S.C. § 854(c)(1)(A). A complete record of trial of a general court-martial includes, *inter alia*, exhibits. R.C.M. 1103(b)(2)(D)(v).

Whether a record of trial is complete is a question of law we review de novo. *United States v. Henry*, 53 M.J. 108, 110 (C.A.A.F. 2000); *see also United States v. Gaskins*, 72 M.J. 225, 229 (C.A.A.F. 2013). "The requirement that a record of trial be complete . . . is one of jurisdictional proportion that cannot be waived." *Henry*, 53 M.J. at 110 (citations omitted). "A substantial omission renders a record of trial incomplete and raises a presumption of prejudice that the Government must rebut. Insubstantial omissions from a record of trial do not raise a presumption of prejudice or affect that record's characterization as a complete one." *Id.* at 111 (citations omitted). Examples of substantial omissions include a prosecution exhibit "used to show *mens rea*," *id.* (citing *United States v. McCullah*, 11 M.J. 234, 237 (C.M.A. 1981)), and three defense exhibits for sentencing, *id.* (citing *United States v. Stoffer*, 53 M.J. 26 (C.A.A.F. 2000)). Examples of insubstantial omissions include prosecution exhibits of "sexually explicit literature . . . from which [the appellant who was convicted of rape and adultery] could order pornographic videos to show to the victim," *id.*, and prosecution exhibits of "photographic exhibits of stolen property," *id.* (citing *United States v. Carmans*, 9 M.J. 616 (A.C.M.R. 1980)).

### 3. Analysis

The record of Appellant's trial is complete. That it is missing the three images of SV purportedly contained in Attachment 3 of the stipulation of fact, or Prosecution Exhibit 1, is a vexing omission, but it is not a substantial one. The transcript of the guilty plea inquiry makes apparent that, at the time of trial, Attachments 2 and 3 were what they were purported to be—a CD containing a video and 23 images (including the "Sandra" images) and a CD containing the SV images, respectively. More importantly, the military judge repeatedly made clear that, because Appellant did not knowingly possess child pornography when he possessed the SV images, the judge would not and did not use the SV images to accept Appellant's guilty plea and find Appellant guilty of possession of child pornography. The evidence omitted from the record was offered to prove Appellant's guilt, but the trier of fact did not actually use it to find Appellant guilty. As a result, we conclude the omission is not substantial and the record is complete.

**B. Provident Guilty Plea**

Appellant claims that his guilty pleas to possession and distribution of child pornography on divers occasions are not provident because, during the guilty plea inquiry, he referenced images that are not "child pornography." We are not persuaded.

**1. Additional Background**

The stipulation of fact contains four references to "child erotica"—a review of Appellant's computer "found over 4,500 files of suspected child pornography and erotica" (Paragraph 3); "several images and videos of child pornography and erotica" in a folder on Appellant's computer (Paragraph 19); "several images and videos of child pornography and erotica" in the "Documents folder" on Appellant's computer (Paragraph 25); and "The Sandra folder contained several images of child erotica and child pornography" (Paragraph 28).

During the inquiry concerning Appellant's guilty plea for possession of child pornography on divers occasions, the military judge addressed Appellant, listed the elements of the offense, and defined, *inter alia*, "divers," "child pornography," "minor," "sexually explicit conduct," and "lascivious." Appellant acknowledged his understanding of the elements and definitions before explaining that, on multiple dates, he used peer-to-peer file sharing software to search for and download child pornography that he then saved on his computer. When asked by the judge what specific child pornography Appellant possessed, he answered, "As discussed in the stipulation of fact, some of the photos had a young girl with either a sex toy or a penis inserted into her anus or vagina. Another involved a girl touching a live penis and giving it oral sex." Trial defense counsel pointed to Paragraphs 28 and 29 of the stipulation. Appellant confirmed that Paragraph 28 described "three different and specific images" from the "Sandra" folder on his computer and that "the three images described in paragraph 28 all describe images of a child engaging in sexually explicit conduct."

During the inquiry concerning Appellant's guilty plea for distribution of child pornography on divers occasions, Appellant explained that the software he used to search and download child pornography from other computers "also allows other computers to search and download files from my computer." He described that, on or about 28 July 2015, a law enforcement official using the software downloaded 13 files of child pornography from his computer. Through follow-up questions from the military judge, Appellant confirmed that the 13 files were separate files of "videos of prepubescent and pubescent girls engaging in sexual acts" that had to be downloaded individually.

**2. Law**

> [W]e review a military judge's decision to accept a guilty plea
> for an abuse of discretion and questions of law arising from the
> guilty plea de novo. In doing so, we apply the substantial basis
> test, looking at whether there is something in the record of tri-
> al, with regard to the factual basis or the law, that would raise
> a substantial question regarding the appellant's guilty plea.

*United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008).

The elements of possession of child pornography, as charged in Appel-
lant's case, are (a) that Appellant knowingly and wrongfully possessed child
pornography on divers occasions and (b) that, under the circumstances, the
conduct was of a nature to bring discredit upon the armed forces. *See Manual
for Courts-Martial, United States* (2016 ed.), pt. IV, ¶ 68b.b.(1). "Child por-
nography" is explained as "material that contains either an obscene visual
depiction of a minor engaging in sexually explicit conduct or a visual depic-
tion of an actual minor engaging in sexually explicit conduct." *Id.* ¶ 68b.c.(1).
"Sexually explicit conduct" includes, *inter alia*, actual or simulated sexual in-
tercourse or sodomy, masturbation, and "lascivious exhibition of the genitals
or pubic area of any person." *Id.* ¶ 68b.c.(7).

The elements of distribution of child pornography, as charged in Appel-
lant's case, are (a) that Appellant knowingly and wrongfully distributed child
pornography to another on divers occasions and (b) that, under the circum-
stances, the conduct was of a nature to bring discredit upon the armed forces.
*See id.* ¶ 68b(b)(3). The explanations of child pornography for possession also
apply to distribution.

**3. Analysis**

As a factual matter, Appellant accurately states that the guilty plea in-
quiry and, by incorporation, the stipulation of fact referenced images that do
not qualify as child pornography. In addition, we agree with Appellant (1)
that the CD that was discussed at trial as containing 23 images of child por-
nography found on Appellant's computer—and that should have been labeled
Attachment 2 to the stipulation of fact—was inserted in the original record of
trial as Attachment 3 and (2) that the CD inserted as Attachment 2 contains
images that do not qualify as child pornography. Furthermore, when the mil-
itary judge asked Appellant if the 23 images were "images of a minor or what
appeared to be a minor engaging in sexually explicit conduct," Appellant
qualified his "yes" answer as "at least those images being exhibition." Howev-
er, Appellant's guilty pleas to possession and distribution of child pornogra-
phy on divers occasions are provident.

Appellant's guilty plea to possession of child pornography on divers occasions is provident, in part, because when Appellant qualified his "yes" answer, he confirmed that, by "exhibition," he meant "lascivious exhibition of the genitals or pubic area," which in turn meant the images met the definition of child pornography. Appellant also verified that the three "Sandra" images depicted a minor engaged in sexual acts. Not only are the "Sandra" images described in Paragraph 28 of the stipulation of fact in specific terms that qualify the images as child pornography, but they are also identifiable by name and description on the CD that was supposed to be Attachment 2 but was at some point inserted in the record as Attachment 3.

To accept Appellant's guilty pleas for possession and distribution of child pornography, the military judge required evidence that Appellant possessed and distributed child pornography. That evidence was offered through the stipulation of fact and guilty plea inquiry. The stipulation also provided evidence that Appellant possessed images of children that do not qualify as child pornography,[8] but that evidence neither negated the evidence of Appellant's crimes nor undermined the basis for the judge to accept Appellant's pleas and find him guilty.

Considering both the stipulation of fact signed by Appellant and the responses given by Appellant during the guilty plea inquiry, especially with regard to the three "Sandra" images depicting a minor engaged in sexual acts, the military judge had a more than adequate factual basis to accept Appellant's guilty plea for possession of child pornography. *See United States v. Hines*, 73 M.J. 119, 124 (C.A.A.F. 2014) (holding that, when determining if a guilty plea is provident, the military judge may consider both the stipulation of fact and the guilty plea inquiry). Notably, the judge identified the apparent inconsistency between the stipulation and Appellant's responses with regard to the SV images, held an R.C.M. 802 conference, subsequently asked Appellant more questions, and resolved the inconsistency by not considering the SV images. Even with the SV images excluded from consideration, the judge was presented sufficient information that Appellant possessed more than one image of child pornography on more than one occasion to accept Appellant's plea and find him guilty of possession of child pornography on divers occasions.

---

[8] The original record of trial now contains, as Attachment 2 to the stipulation of fact, a CD with child pornography as well as images that do not qualify as child pornography. There is no indication this particular CD was used as Attachment 2 or for any other purpose at any point during Appellant's trial. Even if it was, the images that do not qualify as child pornography do not raise a substantial question regarding the providence of Appellant's guilty pleas.

The military judge also had a more than adequate factual basis to accept Appellant's guilty plea for distribution of child pornography. Both the stipulation of fact and the guilty plea inquiry provided the necessary facts, specifically, that Appellant made available for download more than one image of child pornography on more than one occasion, as demonstrated by the 28 July 2015 download of 13 video files from Appellant's computer.

We acknowledge that the record contains images and references to images that are not child pornography, including the "child erotica" referenced in the stipulation of fact. Still, we find nothing in the record of trial with regard to the factual basis or the law that raises a substantial question regarding Appellant's guilty pleas for possession and distribution of child pornography on divers occasions. Thus, we conclude the military judge did not abuse his discretion when he accepted those pleas.

## C. Proper Sentencing Evidence

Appellant argues three-fold error involving sentencing evidence—(1) the references in the stipulation of fact to "suspected child pornography" and "child erotica" and the inclusion of "innocent pictures of children" and "child erotica" in Attachment 2[9] of the stipulation constitute improper aggravation evidence; (2) the military judge abused his discretion by considering the SV images for sentencing; and (3) the military judge abused his discretion by considering SV's testimony as it related to the impact of Appellant's offenses on AC. We find no such error.

### 1. Additional Background

The military judge stated on the record that, if the stipulation of fact was admitted, he would use it first to determine Appellant's guilt and second to determine an appropriate sentence. Appellant acknowledged his understanding and agreement to these uses, as did trial and defense counsel.

The military judge declared that he would not use the SV images to determine Appellant's guilt for possession of child pornography, but Paragraph 29 describing the SV images and the images themselves were not removed from the stipulation of fact.

During sentencing, the Government called SV as a witness to testify that Appellant knew she was 16 years old when he took the three photographs of her contained in Attachment 3 to the stipulation of fact. The Defense object-

---

[9] In the assignment of error, Appellant refers to "Attachment 2," meaning the CD that is currently in the original record of trial as Attachment 2, not the CD that was discussed at trial as Attachment 2.

ed. The military judge initially overruled the objection because, "while [the three images of SV] weren't used as the basis for [Appellant's] guilty plea [for child pornography possession], [that he knew SV was 16] still could be an aggravating factor with regard to the offense."

Once SV was on the stand, the Government also asked her if Appellant had ever talked to her about AC. The Defense objected. The Government argued that SV would testify Appellant "told her he was interested in [AC] romantically;" that the information was relevant as "facts and circumstances of the offense" of abusive sexual contact of AC; and that the information constituted "a matter in aggravation because . . . [t]he fact that [Appellant] would sexually assault someone who he viewed as a friend and someone he's attracted to, it's more aggravating than sexually assaulting a stranger." The military judge applied the Mil. R. Evid. 403 balancing test and overruled the objection. SV's testimony on the issue consisted of one sentence: "[Appellant] asked me about [AC's] relationship status, if she was single, if he maybe had a chance with her."

After numerous attempts by both trial counsel to elicit from SV that Appellant knew she was 16 years old when he photographed her—all of which failed—the military judge reconsidered the Defense's initial objection and sustained it. The judge specified that he would consider SV's testimony of what Appellant said to SV about AC but that he would not consider SV's testimony "with regard to the issue of [her] age related to the [SV] photos on the iPod."

### 2. Law

We review a military judge's decision to admit or exclude evidence for an abuse of discretion. *United States v. Freeman*, 65 M.J. 451, 453 (C.A.A.F. 2008) (citing *United States v. Ayala*, 43 M.J. 296, 298 (C.A.A.F. 1995)). "An abuse of discretion occurs when the trial court's findings of fact are clearly erroneous or if the court's decision is influenced by an erroneous view of the law." *Id.* (citation omitted). "Further, the abuse of discretion standard of review recognizes that a judge has a range of choices and will not be reversed so long as the decision remains within that range." *Id.* (quoting *United States v. Gore*, 60 M.J. 178, 187 (C.A.A.F. 2004)).

Evidence in aggravation, or "evidence as to any aggravating circumstances directly relating to or resulting from the offenses of which the accused has been found guilty," includes, *inter alia*, evidence of impact on any person who was the victim of an offense committed by the accused. R.C.M. 1001(b)(4).

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Mil. R. Evid. 401. Relevant evidence is

generally admissible. Mil. R. Evid. 402. The military judge may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the court members, undue delay, wasting time, or needlessly presenting cumulative evidence. Mil. R. Evid. 403.

> Evidence that otherwise would be inadmissible under the Military Rules of Evidence may sometimes be admitted at trial through a stipulation, if the parties expressly agree, if there is no overreaching on the part of the Government in obtaining the agreement, and if the military judge finds no reason to reject the stipulation "in the interest of justice."

*United States v. Clark*, 53 M.J. 280, 281–82 (C.A.A.F. 2000) (quoting *United States v. Glazier*, 26 M.J. 268, 270 (C.M.A. 1988)).

### 3. Analysis

#### a. *"Child Erotica" and Other Images*

To the extent "child erotica" and other images that do not qualify as child pornography were referenced in the stipulation of fact and then used as evidence in aggravation, that use was proper.[10] Aggravation evidence includes evidence of "any aggravating circumstances directly relating to" the convicted offenses. R.C.M. 1001(b)(4). Appellant was convicted of possession of child pornography for contraband he downloaded with file sharing software and saved on his computer. The referenced "child erotica" involved images of children that Appellant found in his searches for child pornography, downloaded in the same groups of files, and saved in the same folders on his computer with the child pornography he possessed. While the images do not constitute child pornography, they do constitute evidence of the aggravating circumstances of Appellant's possession (and subsequent distribution) of child pornography because they demonstrate Appellant's clear intent to obtain erotic, or sexually suggestive, images of children, not adults.

Even if the "child erotica" and other images that are not child pornography were not admissible as evidence in aggravation, we find no error. Otherwise inadmissible evidence may be admitted through a stipulation of fact. *Clark*, 53 M.J. at 281–82 (citation omitted). Moreover, if a stipulation is une-

---

[10] As previously noted, there is no indication in the record that "child erotica" and other images that do not qualify as child pornography were attached to the stipulation of fact at the time of trial. Even if we assume arguendo that such images were attached to the stipulation, we still find no error.

quivocal that the parties "agree not only to the truth of the matters stipulated but that such matters are admissible in evidence against the accused, . . . there can be no doubt as to the full agreement and understanding of the parties." *Glazier*, 26 M.J. at 270. Appellant signed a stipulation that began with the phrase "the following facts are true and admissible for any and all purposes." Appellant understood and agreed to the military judge's use of the stipulation first to determine Appellant's guilt and second to determine an appropriate sentence. The "child erotica" and other images that were referenced in that stipulation were found in Appellant's possession along with the child pornography he was convicted of possessing, and it was not overreaching for the Government to include them in the stipulation. *See Clark*, 53 M.J. at 281–82. Furthermore, there was no reason for the military judge to reject the stipulation and its references to and attachment of "child erotica" and other images, and the judge did not abuse his discretion by not rejecting the stipulation "in the interest of justice" or for any other reason. *See id.*

### b. Images of SV

The military judge did not abuse his discretion by considering the images of SV for sentencing, even though he specifically excluded them for accepting Appellant's guilty plea and finding Appellant guilty of possession of child pornography. The record leaves no doubt that the images of SV are child pornography because they depict a minor, 16-year-old SV, engaged in sexual acts with Appellant. Although the judge properly determined the SV images were not evidence of Appellant's *knowing* and thus criminal possession of child pornography—because Appellant did not know SV was 16 years old at the time—the images were, in plain-language terms, child pornography possessed by Appellant. The images of SV were also available for use during sentencing by the terms of the stipulation in which they were referenced and to which they were attached, specifically, that the stipulated facts were "admissible for any and all purposes." Additionally, Appellant explicitly understood and agreed to the military judge's uses of the stipulation to determine guilt and an appropriate sentence.

### c. Testimony of SV

The military judge did not abuse his discretion by considering SV's testimony about Appellant's offenses against AC, which consisted of a single sentence: Appellant asked SV if AC "was single, if he maybe had a chance with her." The judge applied the Mil. R. Evid. 403 balancing test and allowed the evidence as evidence in aggravation. We find no clear error and no erroneous view of the law by the judge, who had a range of choices and made a decision to allow the testimony that fell within that range.

## D. Appropriate Sentence

Appellant complains that his sentence, including a dishonorable discharge and 66 months of confinement, is inappropriately severe; it is not.

This court "may affirm only such findings of guilty, and the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c). We review sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006) (footnote omitted). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense, the appellant's record of service, and all matters contained in the record of trial." *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009) (per curiam) (citations omitted). While we have great discretion to determine whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 144–48 (C.A.A.F. 2010).

Appellant puts forward two bases to request sentence relief—(1) that the military judge considered improper sentencing evidence and (2) that Appellant's guilty plea is improvident, he is not guilty, and so any sentence is too severe. We address both bases above. We add here that we are confident the military judge did not consider for sentencing SV's testimony that Appellant knew SV was 16 years old at the time her images were made because the judge ultimately sustained the Defense objection to any such testimony by SV. Moreover, no such testimony was elicited from SV.

Appellant faced a maximum sentence that included 42 years of confinement. The Government asked for 13 years, and Appellant negotiated a PTA limit of 10 years. The military judge decided on 66 months, which the convening authority approved. Considering Appellant, the nature and seriousness of his offenses of abusive sexual contact, indecent visual recording, and possession and distribution of child pornography on divers occasions, Appellant's seven-year record of service, and all matters contained in the record of trial, we conclude his sentence, including a dishonorable discharge and 66 months of confinement, is appropriate.

## E. Timely Appellate Review

We review de novo whether an appellant has been denied the due process right to a speedy post-trial review and appeal. A presumption of unreasonable delay arises when appellate review is not completed and a decision is not rendered within 18 months of the case being docketed before the court. *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006). When a case is not completed within 18 months, such a delay is presumptively unreasonable and triggers an analysis of the four factors laid out in *Barker v. Wingo*, 407 U.S.

514, 530 (1972): "(1) the length of the delay; (2) the reasons for the delay; (3) the appellant's assertion of the right to timely review and appeal; and (4) prejudice." *Moreno*, 63 M.J. at 135.

Appellant's case was originally docketed with the court on 27 April 2017. The delay in rendering this decision is presumptively unreasonable. However, we determine no violation of Appellant's right to due process and a speedy post-trial review and appeal.

Analyzing the *Barker* factors, we find the length of the delay—three weeks—is short. The reasons for the delay include the time required for Appellant to file his brief on 8 February 2018, the Government to make three attempts to correct the record and then file its answer on 7 June 2018, and Appellant to reply on 12 June 2018. In addition, Appellant requested leave to file supplemental assignments of error on 11 June 2018 and then, on 1 August 2018, requested reconsideration of the court's denial. The court is issuing its opinion five months after Appellant's reply.

On 17 August 2018, Appellant asserted his right to speedy appellate review "so as to avoid serving additional unlawful confinement." Appellant began his 66 months of confinement on 30 January 2017. The court is affirming the sentence. We find no prejudice to Appellant resulting from the delay for the court to complete its review of his case.

Finding no *Barker* prejudice, we also find the delay is not so egregious that it adversely affects the public's perception of the fairness and integrity of the military justice system. As a result, there is no due process violation. *See United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006). In addition, we determine that Appellant is not due relief even in the absence of a due process violation. *See United States v. Tardif*, 57 M.J. 219, 223–24 (C.A.A.F. 2002). Applying the factors articulated in *United States v. Gay*, 74 M.J. 736, 744 (A.F. Ct. Crim. App. 2015), *aff'd*, 75 M.J. 264 (C.A.A.F. 2016), we find the delay in completing appellate review justified and relief for Appellant unwarranted.

## III. Conclusion

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred.

Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and sentence are **AFFIRMED**.[11]

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court

---

[11] The court-martial order is missing the phrase "or what appears to be minors" in Specification 1 of Charge III. It also contains two extraneous and inaccurate references to the plea and finding of "Charge III: Article 134" and a superfluous "members" in the description of the adjudged sentence. We direct the publication of a corrected court-martial order.